UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  v.<br><br>JORDAN VARNER,<br><br>        Defendant. | CR. NO. 2:08-349 WBS<br><br>ORDER DENYING A CERTIFICATE OF APPEALABILITY |

----oo0oo----

On January 17, 2014, the court denied defendant Jordan Varner's motion for relief from final judgment pursuant to Federal Rule of Civil Procedure 60(b). (Docket No. 70.) Defendant filed a notice of appeal from that ruling on February 18, 2014, and now seeks a certificate of appealability. (Docket No. 71.)

Because the court dismissed defendant's motion "on procedural grounds" and did not reach the merits of his constitutional claims, it may issue a certificate of appealability only if "jurists of reason would find it debatable

1

1  whether the [motion] states a valid claim of the denial of a
2  constitutional right, and that jurists of reason would find it
3  debatable whether the district court was correct in its
4  procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).
5  Each of these questions "is part of a threshold inquiry, and a
6  court may find that it can dispose of the application in a fair
7  and prompt manner if it proceeds first to resolve the issue whose
8  answer is more apparent from the record and arguments." Id. at
9  485.

10       As the court explained in an earlier Order, defendant's
11  attempt to challenge his sentence by bringing a motion under Rule
12  60(b) rather than a petition for relief under 28 U.S.C. § 2255
13  was "plainly inappropriate." (Docket No. 68.) Defendant now
14  appeals this ruling on the basis that the court erroneously
15  construed his Rule 60(b) motion as a petition under § 2255 in
16  violation of Castro v. United States, 540 U.S. 375, 382-83
17  (2003). (Docket No. 71.) As its earlier Order makes clear, the
18  court did not do so; in fact, it specifically cited Castro in
19  support of the proposition that it would be inappropriate to
20  construe the motion as a petition under § 2255 absent notice and
21  consent. (Docket No. 68.)

22       In any event, defendant has not demonstrated that
23  "jurists of reason would find it debatable" that defendant's Rule
24  60(b) motion was an improper vehicle to challenge his sentence or
25  that the court correctly declined to construe that motion as a
26  petition under § 2255. Slack, 529 U.S. at 485. Accordingly,
27  because defendant has not made the required threshold showing of
28  procedural error, the court declines to issue a certificate of

1  appealability.
2          The Clerk of the Court is directed to send a copy of
3  this Order to the Clerk of the United States Court of Appeals for
4  the Ninth Circuit.
5          IT IS SO ORDERED.
6  Dated:  February 21, 2014

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE